IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA A. CASAZZA, | No. C07-02859 MJJ |
| Plaintiff, | **ORDER MODIFYING PREVIOUS ORDER DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS*** |
| v. | |
| MICHAEL J. ASTRUE, | |
| Defendant. | |

Before the Court is Plaintiff Linda Casazza's ("Plaintiff") Request for Leave to Proceed *in forma pauperis*.[1] On June 19, 2007, the Court issued an order denying Plaintiff's request to proceed *in forma pauperis* and dismissing Plaintiff's Complaint because it was not timely filed.[2] On August 1, 2007, Plaintiff filed documentation in the form of a challenge to the Court's finding that the Complaint was timely filed. Upon reconsideration, the Court's June 19, 2007 Order denying Plaintiff's request to proceed *in forma pauperis* is modified. In addition, because Plaintiff's affidavit shows that her income exceeds her expenses by a sufficient amount to pay her court fees, the Court **DENIES** Plaintiff's Request to Proceed *in forma pauperis* **WITH LEAVE TO AMEND**.

**A.    Timing for Requesting Judicial Review and Instituting a Civil Action**

Plaintiff's Complaint states a cognizable claim under 42 U.S.C. § 405(g). An individual may obtain review "of any final decision of the Commissioner of Social Security made after a hearing to

---

[1] Docket No. 3.

[2] Docket No. 6.

1  which he was a party . . . by a civil action commenced within sixty days after the mailing to him of
2  notice of such decision or within such further time as the Commissioner of Social Security may
3  allow." 42 U.S.C. § 405(g).  In calculating the time limit, the date of the *receipt* of notice of denial
4  of request for review shall be presumed to be *five days* after the date of the notice.  20 C.F.R. §
5  422.210(c) (emphasis added).  The Appeals Council denied review of Plaintiff's request for review
6  of the Administrative Law Judge's decision denying Plaintiff's claim for benefits on March 30,
7  2007.  (Compl. at 8.)  This denial constituted a final decision of the Commissioner.  20 C.F.R. §
8  422.210(a).  The Court's prior Order did not account for the presumption that notice is received five
9  days after the date of the notice of denial.  Therefore, because Plaintiff's Complaint was filed within
10 65 days of the Appeals Council's notice of denial date, the Complaint was timely.  Plaintiff's
11 challenge to the Court's prior Order drew this presumption to the Court's attention.  The Court's
12 prior Order is, therefore, modified by this Order.

13         **B.     Request to Proceed *In Forma Pauperis***

14         Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the
15 commencement . . . of any suit . . . without prepayment of fees and costs or security therefor[e], by a
16 person who submits an affidavit" that they are "unable to pay such costs or give security therefore."
17 The applicant must submit an affidavit that the plaintiff is unable to pay court fees.  *Id.*
18         A court must dismiss the complaint of a plaintiff proceeding *in forma pauperis* if at any time
19 the court determines that the action is frivolous, fails to state a clam on which relief may be granted,
20 or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C §
21 1915(e)(2)(B).  The plaintiff must also demonstrate that the Court has jurisdiction over the action.
22         In her affidavit, Plaintiff states that she receives $336 per month in welfare payments and
23 $138 in food stamps, for a total of $474.  (Plf.'s Application to Proceed *In Forma Pauperis* ¶ 2.)
24 Plaintiff also states that she has no monthly expenses.  (*Id.* ¶ 8.)  Plaintiff does, however, report a
25 total of $19,952.71 in tax debt, owed to the Franchise Tax Board, City of Oakland, City of
26 Sacramento, and Yolo County.  (*Id.* ¶ 9.)  This tax debt is more than forty times Plaintiff's monthly
27 income.  Even in the unlikely case that Plaintiff truly has no monthly expenses, the magnitude of her
28 tax debt may prevent Plaintiff from prepaying fees and costs and from giving security.  Plaintiff does

not, however, state the monthly amount that she is required to pay toward her tax debt. The Court, therefore, does not have sufficient information to determine if Plaintiff's monthly income exceeds the court fees.

Accordingly, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis.* Plaintiff shall, within 30 days, file an amended *in forma pauperis* request that includes the monthly amount Plaintiff is required to pay toward her tax debt. Failure to file a timely amended request or pay the filing fee will result in dismissal of this case.

**C.     Conclusion**

The Court therefore modifies that June 19, 2007 Order, and finds that Plaintiff's Complaint was timely filed in this Court. The Court further **DENIES** Plaintiff's request to proceed *in forma pauperis* with **LEAVE TO AMEND.**

**IT IS SO ORDERED.**

Dated: December 11, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE